IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LUCIEN MBAAKHU AZANG PETITIONER
A 221-312-988

VS. CIVIL ACTION NO. 5:26-CV-335-DCB-BWR

THE WARDEN OF ADAMS
COUNTY CORRECTIONAL
CENTER RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") [ECF No. 8] of the United States Magistrate Judge entered herein on September 28, 2026, in this action brought pursuant to 28 U.S.C. § 2241. In the Report, Judge Rath recommended denial of Azang's Petition [ECF No. 1]. Petitioner, a native and citizen of Cameroon, who is proceeding pro se, has failed to file objections to the Report by his deadline of October 13, 2026. See Fed. R. Civ. P. 72(b)(2). In an effort to extend leniency to Petitioner for allegedly slow mail delivery within the Adams County Correctional Center, about which several § 2241 petitioners have complained, the Court has waited several weeks before considering the Report. See e.g., Letter [ECF No. 14-1], Conteh v. Warden, No. 5:26cv359-DCB-BWR (S.D. Miss. Oct. 19, 2026) (Report entered Sept. 29, 2026, and received by petitioner on Oct. 12, 2026); Mot. [ECF No. 21], Ntuchu v. Warden, No. 5:26cv101-DCB-BWR (S.D. Miss.

Oct. 16, 2026) (Report entered Sept. 15, 2026, and received by petitioner on Oct. 1, 2026). Even so, as of the date of this Order, no objections have been received by the Court.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review to the Report and Recommendation. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Court has reviewed Azang's petition, the related filings, and the record in this matter. The Court observes that Azang crossed the United States-Mexico border near Lukeville, Arizona, on January 22, 2025, without valid entry documents, was detained by U.S. Border Patrol, and immediately processed for removal. Since that time, he has been detained by Immigration and Customs Enforcement ("ICE"), and he is currently housed at the Adams County Correctional Center. During the course of his immigration proceedings, an Immigration Judge ordered his removal to Cameroon on September 5, 2025. [ECF No. 1-1] at 2, 5. Azang appealed that decision to the Board of Immigration Appeals, which dismissed his appeal on November 3, 2026. See EOIR, Automated Case Information,

https://acis.eoir.justice.gov/en/caseInformation (last visited Nov. 17, 2026).

In his petition, Azang argues that ICE has violated his Fifth Amendment due process rights by denying him an individualized custody review. Pet. [ECF No. 1] at 6. He also argues that the length of his detention violates the Immigration and Nationality Act and the Administrative Procedure Act. Id. at 6-7. Finally, he asserts that his prolonged detention has caused serious harm to his physical and mental health. Id. at 7.

Having considered the Report of Judge Rath, the Court adopts his findings and conclusions, as modified herein, as the opinion of this Court. As Judge Rath found, Azang's detention while his removal proceedings were ongoing was mandated by 8 U.S.C. § 1225(b)(1) and did not violate the Due Process Clause of the Fifth Amendment. Likewise, Judge Rath correctly concluded that Azang cannot challenge his conditions of confinement in a § 2241 petition. See Boyle v. Wilson 814 F. App'x 881, 882 (5th Cir. 2020) (holding that conditions of confinement claims are not properly brought in a § 2241 habeas petition).

And, importantly, since Judge Rath entered his Report, the Fifth Circuit Court of Appeals issued its opinion in Sosnava Rodriguez v. Vergara, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc). This decision conclusively reiterated one of Judge Rath's findings: that Petitioner's detention while his

removal proceedings were ongoing did not violate the Fifth Amendment's Due Process Clause.

Furthermore, the recent decision of the Board of Immigration Appeals in Azang's immigration proceedings directly impacts the viability of his current § 2241 petition. As noted previously, the Board of Immigration Appeals dismissed Azang's appeal on November 3, 2026. Accordingly, his order of removal became final that same date. See 8 C.F.R. § 1241.1 (a) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final (a) [u]pon dismissal of an appeal by the Board of Immigration Appeals. . . .").

A dismissal of an order of removal by the Board of Immigration Appeals is a triggering event for the "removal period," the period of ninety days in which the government, in most situations, is required to remove an alien from the United States. 8 U.S.C. § 1231(a)(1)(A); see also Andrade v. Gonzales, 459 F.3d 538, 543 (5th Cir. 2006) ("Section 1231 defines the circumstances under which an alien enters the 'removal period,' after which the Government is required in most situations to remove the alien within ninety days."). Thus, Azang has now entered the "removal period" and is now being detained pursuant to 8 U.S.C. § 1231(a). Consequently, Petitioner's statutory claims challenging his pre-removal detention are now moot and must be dismissed for lack of

jurisdiction. See Agyei-Kodie v. Holder, 418 F. App'x 317, 318 (5th Cir. 2011) (finding that § 2241 petitioner's detention after removal order became final was governed by § 1231 and challenges to his detention based on § 1226 were moot); see also Ndudzi v. Perez, 509 F. Supp. 3d 943, 947-948 (S.D. Tex. 2020) ("Any prolonged detention claim related to Petitioner's prior detention under § 1225(b) became moot when the BIA's dismissal of Petitioner's appeal shifted her detention to the framework erected in § 1231.").

After the initial ninety-day removal period expires, the government is entitled to a presumption of six months to effectuate deportation. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001); Tran v. Mukasey, 515 F.3d 478, 482 (5th Cir. 2008). "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. Thus, to the extent that Azang's petition is liberally construed to challenge his post-removal detention, the Court finds the challenge premature. See Okpoju v. Ridge, 115 F. App'x 302, 302 (5th Cir. 2004) (finding that a continued detention claim was "premature" because "at the time of the district court's ruling, [petitioner] had not yet been

in custody longer than the presumptively reasonable six-month post removal order period.”), cert. denied, 544 U.S. 1066 (2005).

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that Azang’s Petition [ECF No. 1] is hereby denied as moot and dismissed without prejudice because the Court lacks jurisdiction to consider it. Likewise, to the extent that Azang’s petition is liberally construed to challenge his post-removal detention, the Court finds the challenge premature. Consequently, the Report [ECF No. 8], as modified herein, is adopted as the opinion of this Court. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 17th day of November, 2026.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE